# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **ORLANDO WILLIAMS,** ] | |
| ] | |
|     **Plaintiff,** ] | |
| ] | |
| v. ] | Case No.: 4:12-cv-4043-KOB |
| ] | |
| **ALABAMA DEPARTMENT OF** ] | |
| **CORRECTIONS, et al,** ] | |
| ] | |
|     **Defendants.** ] | |

## MEMORANDUM OPINION

This matter comes before the court on the "Plaintiff's Motion Pursuant to Federal Rule of Civil Procedure 54(b)." (Doc. 139; Doc. 140). Plaintiff Orlando Williams, proceeding *pro se*, sued Defendants Alabama Department of Corrections ("ADOC"), Carter F. Davenport, Kimberley Weary, James Marsh, Robert Simmons, and William Northcutt. (Doc. 37). Williams brought claims under Title VII, the Americans with Disabilities Act ("ADA"), and 42 U.S.C. § 1983, claiming that the Defendants discriminated against him on the basis of his race and disability and retaliated against him. The court granted partial summary judgment to the Defendants on Williams' disparate treatment claim in Count I of his complaint, and all of Counts II, III, IV, V, and VI of his complaint ("the summary judgment order"). (Doc. 107; Doc. 108). The court subsequently denied Williams' motion to alter or amend the summary judgment order ("the Rule 59(e) order"). (Doc. 125). Williams only remaining claim for trial is a failure to accommodate claim under the ADA the court found implicit in Count I of his complaint. (Doc. 107; Doc. 108).

Williams now asks the court to certify the two orders as appealable final judgments under Rule 54(b). Alternatively, Williams asks the court to recommend the grant of an interlocutory appeal to the Eleventh Circuit under 28 U.S.C. § 1292(b).

Courts do not often allow parties to appeal cases in pieces because cases are much easier to manage when all issues stay before one court rather than moving up and down on appeal independently. This practice helps the court run more efficiently and preserves judicial economy. Therefore, only a final judgment or a discrete category of interlocutory orders may be appealed to the Eleventh Circuit. For the reasons discussed below, the court's summary judgment order, (Doc. 107; Doc. 108), and the court's Rule 59(e) order, (Doc. 125), are not yet appealable.

## I.  Rule 54(b) Final Judgment

Williams asks the court "for certification of final order" for the summary judgment and Rule 59(e) orders. Essentially, Williams requests that the court enter a final judgment under Rule 54(b) for the dismissed claims so that Williams can immediately appeal the dismissal of those claims.[1] The court declines to enter a final judgment at this time.

Generally, a party can only appeal a final order. "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts." 28 U.S.C. § 1291. "[A] decision is not final, ordinarily, unless it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 204 (1999).

"[T]he Supreme Court has interpreted the term 'final decision' in § 1291 to permit

---

[1] Williams has already attempted to appeal the dismissal of his claims once. (Doc. 126). The Eleventh Circuit denied his appeal for lack of jurisdiction. (Doc. 131).

jurisdiction over appeals from a small category of orders that do not terminate the litigation." *W.R. Huff Asset Mgmt. Co. v. Kohlberg, Kravis, Roberts & Co., L.P.*, 566 F.3d 979, 984 (11th Cir. 2009). "That small category includes only decisions [1] that are conclusive, [2] that resolve important questions separate from the merits, and [3] that are effectively unreviewable on appeal from the final judgment in the underlying action." *Id.* This test is called the collateral order doctrine. Here, the court's summary judgment order and Rule 59(e) order are not appealable under the collateral order doctrine because they do not resolve important questions separate from the merits and are reviewable on appeal from a final judgment.

Further, the court's orders are not "final decisions" under 28 U.S.C. § 1291 because not all of Williams' claims are dismissed and factual and credibility determinations remain to be addressed at trial on the remaining ADA claim. "Ordinarily . . . an order adjudicating fewer than all the claims in a suit, or adjudicating the rights and liabilities of fewer than all the parties, is not a final judgment from which an appeal may be taken." *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007). However, a court *may* enter a final judgment on only part of the litigation. Under Rule 54(b), "[w]hen an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court **may** direct entry of a final judgment as to one or more, but fewer than all, claims or parties **only if the court expressly determines that there is no just reason for delay**." (emphasis added).

A two-part test exists to determine whether a partial final judgment may properly be certified under Rule 54(b). "First, the court must determine that its judgment is, in fact, both final and a judgment. That is, the court's decision must be final in the sense that it is an ultimate

disposition of an individual claim entered in the course of a multiple claims action, and a judgment in the sense that it is a decision upon a cognizable claim for relief." *Lloyd Noland Found.*, 483 F.3d at 777-78 (internal quotation marks omitted). "Second, having found that the decision was a final judgment, the district court must then determine that there is no just reason for delay in certifying it as final and immediately appealable." *Id.* (internal quotation marks omitted). Here, the court finds that certification of final judgment is not appropriate for the summary judgment order or the Rule 59(e) order.

    First, the summary judgment order could be a "final judgment," but reasons to delay certification under Rule 54(b) exist. A judgment is final when it "disposes entirely of a separable claim or dismisses a party entirely." *Lloyd Noland Found.*, 483 F.3d at 777-78. Williams' complaint had six explicit claims. (Doc. 37). Count I is Williams' ADA disparate treatment claim; Count II is Williams' Title VII race discrimination claim; Count III is Williams' ADA retaliation claim; Court IV is Williams' § 1983 disability discrimination claim; Count V is Williams' § 1983 race discrimination claim; and Count VI is Williams' § 1983 retaliation claim. These dismissed claims are entirely separable from Williams' only remaining claim, his ADA failure to accommodate claim, which the court found implicit in Count I of his complaint.

    The claims are separable because "there is more than one possible recovery" available to Williams and his asserted avenues of recovery are not "mutually exclusive, or substantially overlap[ing]." *In re Se. Banking Corp.*, 69 F.3d 1539, 1547 (11th Cir. 1995). This case is not like *Lloyd Noland Foundation*, where the plaintiff's common law indemnification and contractual indemnification claims were alternative theories for the same recovery. *See* 483 F.3d at 781. Williams could have recovered separately for both his failure to accommodate claim and his

dismissed claims. Thus, the summary judgment order could be a final judgment as to those dismissed claims.

However, the court does find reason for delay in certifying the summary judgment order as final and immediately appealable. "The district court must act as a dispatcher and exercise its discretion in certifying partial judgments in consideration of judicial administrative interests including the historic federal policy against piecemeal appeals and the equities involved." *Lloyd Noland Found.*, 483 F.3d at 778. If Williams could immediately appeal the summary judgment order, the appeal would proceed piecemeal. The same factual scenario undergirding Williams' remaining claim, his Count I ADA failure to accommodate claim, also undergirds the dismissed claims. If appealed, those same facts would be presented to the appellate court. Judicial economy would be thwarted. Thus, Rule 54(b) certification is not appropriate.

Second, the Rule 59(e) order is not a final judgment. The Rule 59(e) order is not "final" because it is not "an ultimate disposition of an individual claim entered." *Lloyd Noland Found.*, 483 F.3d at 777. Further, the Rule 59(e) order is not a "judgment" because it is not "a decision upon a cognizable claim for relief." *Lloyd Noland Found.*, 483 F.3d at 777. Rather, the Rule 59(e) order is merely a decision by the court *not to revisit* its final judgment on Williams' dismissed claims. Thus, Rule 54(b) certification of the Rule 59(e) order is not appropriate.

"[T]he District Court . . . is permitted to determine, in the first instance, the appropriate time when each 'final decision' upon 'one or more but less than all' of the claims in a multiple claims action is ready for appeal." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956). Here, the court is not ready to dispatch these orders to the Eleventh Circuit.

5

### II. Interlocutory Appeal.

Williams also asks the court for a "certification of interlocutory" appeal of the court's summary judgment order and Rule 59(e) order. Essentially, Williams asks the court to recommend its orders as suitable for interlocutory appeal to the Eleventh Circuit under 28 U.S.C. § 1292(b). This section states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, **shall be of the opinion** that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b) (emphasis added).

When entering its prior orders the court did not opine that any "controlling question of law as to which there is a substantial ground for difference of opinion" existed. Indeed, this case does not present any such question. Nothing has changed between the time of the court's orders and this motion. Thus, as the court has already noted, Williams has provided "no justification for why the court should reconsider its previous ruling." (Doc. 125). This case does not involve any real questions as to the controlling law and allowing an interlocutory appeal would delay instead of advance the ultimate determination of the litigation.

### III. Conclusion

In summary, Williams' dismissed claims are not yet appealable. The court declines to certify the summary judgment order as a final judgment under Rule 54(b) because related factual issues remain to be determined at trial. The court declines to certify the Rule 59(e) order as a final judgment under Rule 54(b) because it is not a "final judgment." Finally, the court finds no reason to revisit its prior rulings and recommend the grant of an interlocutory appeal to the

Eleventh Circuit. After trial, Williams will be free to appeal the dismissed claims and whatever the jury decides. Therefore, the court **DENIES** Williams' motion.

    **DONE** and **ORDERED** this 13th day of November, 2014.

                                                  _/s/ Karon O. Bowdre_
                                                  KARON OWEN BOWDRE
                                                  CHIEF UNITED STATES DISTRICT JUDGE